NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JOHN J. HOPKINS, III,<br><br>Debtor. | Civil Action No. 22-6592 (MAS)<br><br>MEMORANDUM OPINION |

SHIPP, District Judge

This matter comes before the Court on Chapter 7 Trustee Andrea Dobin's (the "Trustee") Motion to Dismiss Appellant John J. Hopkins, III's ("Hopkins") appeal (Notice of Appeal, ECF No. 2) from the Bankruptcy Court's Order (the "Turnover Order") (Bankr. ECF No. 112)[1],[2] (ECF No. 7.) Hopkins opposed (ECF No. 9), and the Trustee replied (ECF No. 10). The Court has carefully considered the parties' submissions and decides the motion without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants the Trustee's motion and dismisses Hopkins's appeal.

I.   BACKGROUND

This Motion presents the narrow issue of whether Hopkins may raise issues on appeal that he did not oppose in the bankruptcy court below. This case began when Hopkins filed a voluntary petition in bankruptcy court in the spring of 2022. (*See generally* Hopkins's Pet., Bankr. ECF No.

---

[1] Docket entries from the bankruptcy proceeding, *In re Hopkins*, No. 22-11747 (Bankr. D.N.J.), are designated as "Bankr. ECF No."

[2] The Court notes that Hopkins asserts he is appealing on behalf of the Decedent Estate of Lois Ginley Hopkins ("Hopkins Estate"). But Hopkins has been disqualified from serving as counsel to the Hopkins Estate. (*See* Disqualification Order, Bankr. ECF No. 55.)

1.) During the bankruptcy proceedings, Hopkins clashed with the Trustee over the fate of his house in Long Branch, New Jersey. (*See generally* Trustee's Moving Br., ECF No. 7-1; Hopkins's Opp'n Br., ECF No. *9.)[3] Hopkins's late parents' estate holds a mortgage secured by a lien on the property, and Hopkins argued the lien renders the house valueless in the bankruptcy proceedings. (*See* Trustee's Moving Br. 4; Hopkins's Opp'n Br. *5.) The Trustee disagreed, arguing the statute of limitations on the mortgage has run and the property should be sold. (*See* Trustee's Moving Br. 6-7.)

After adversarial proceedings, the bankruptcy court declared the mortgage lien null and void. *See Dobin v. Est. of Hopkins*, No. 22-1112 (Bankr. D.N.J. July 28, 2022). The Trustee filed motions to retain a realtor and sell the property (Bankr. ECF Nos. 35, 85), and both were granted (*See* Bankr. ECF Nos. 40, 89). In October 2022, the Trustee filed a Motion for Turnover ("Turnover Motion") which Hopkins did not oppose. (*See* Turnover Motion, Bankr. ECF No. 100; Hopkins's Opp'n Br. *1 ("Due to con[]fusion, the Debtor thought the motion was on the 11th of November, it was not and he did not appear to argue against the [Turnover Motion].").) The Bankruptcy Court granted the Turnover Motion and issued the Turnover Order, thereby evicting Hopkins from the Long Branch property. (Turnover Order, Bankr. ECF No. 112.) The present appeal arises from Hopkins's discontent with the Turnover Order.[4] The Trustee argues this appeal

---

[3] Page numbers preceded by an asterisk refer to the page numbers atop the ECF header.

[4] The Court has heard two other appeals in this matter—one regarding the order disqualifying Hopkins as the attorney for the Hopkins Estate and another regarding an order authorizing the sale of the Long Branch property. *See In re Hopkins*, No. 22-4318 (D.N.J. 2022), and *In re Hopkins*, No. 22-5836 (D.N.J. 2022).

should be dismissed because Hopkins failed to oppose the Turnover Motion below and therefore cannot raise any arguments on appeal.[5] (Trustee's Moving Br. 9.)

## II. LEGAL STANDARD

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). District courts review bankruptcy courts' legal conclusions de novo, their "factual findings for clear error," and their discretionary decisions for abuse thereof. *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (citations omitted). In deciding a bankruptcy appeal, a district court is limited to the record before the bankruptcy court. *In re Stone Res., Inc.*, 482 F. App'x 719, 722-23 (3d Cir. 2012).

## III. DISCUSSION

The narrow issue in this case is whether this Court may hear Hopkins's appeal even though he did not contest the Turnover Motion in bankruptcy court. The Court finds that Hopkins waived his right to appeal the Turnover Order when he failed to oppose the Turnover Motion.

Third Circuit district courts hearing bankruptcy appeals generally do not consider arguments that were not raised in the bankruptcy court proceedings. *See In re Imerys Talc Am., Inc.*, 38 F.4th 361, 372 (3d Cir. 2022) (citing *In re Trib. Media Co.*, 902 F.3d 384, 400 (3d Cir. 2018)) ("[I]n bankruptcy appeals, avoiding a waiver determination at the district court . . . requires a party to have properly brought the argument before the bankruptcy court."); *In re Kaiser Grp. Int'l Inc.*, 399 F.3d 558, 565 (3d Cir. 2005) (citing *Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV*, 229 F.3d 245, 253 (3d Cir. 2000)) ("[W]hen a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district

---

[5] The Court notes that recent correspondence from the Trustee confirms that Hopkins was evicted from the property on January 20, 2023. (*See* ECF No. 20.)

3

court on appeal."). There is an exception to the waiver principle: new arguments related to subject matter jurisdiction may be heard on appeal if they were not presented in bankruptcy court. *See Kaiser Grp. Int'l Inc.*, 339 F.3d at 565.

Hopkins, however, neither advances an argument regarding subject matter jurisdiction nor provides any support to refute the mounds of case law declaring that no new arguments may be heard in a bankruptcy appeal. (*See generally* Hopkins's Opp'n Br.) Instead, from what the Court can discern, Hopkins argues that he should be able to appeal the Turnover Order because he was confused about the Turnover Motion return date. (*Id.* at *1.) But the motion was filed and heard according to D.N.J. LBR 9013-2; the Trustee filed her motion twenty-one days before the return date and did not request a shortened time for hearing. (*See* Trustee's Reply Br. 1-2, ECF No. 10.) Most of Hopkins's opposition brief dwells on the validity of the mortgage lien—an issue that was decided in a separate hearing. (Hopkins's Opp'n Br. *4.)[6]

The Court recognizes that Hopkins is a pro se litigant and is therefore held to a less stringent standard in some situations, but the arguments of a pro se litigant will be waived just the same if they did not raise them in bankruptcy court. *See In re Smith*, 757 F. App'x 77, 81 (3d Cir. 2018) (citation omitted) (finding that pro se appellant "did not preserve for review any of the arguments that she presented to the District Court because she did not appear at the [hearing in bankruptcy court] to register any objections.").

---

[6] Notably, Hopkins did not appeal the decision declaring the mortgage lien null and void. (Trustee's Moving Br. 5.)

4

IV.     **CONCLUSION**

The Court finds that the appeal should be dismissed because Hopkins did not oppose the Turnover Motion in bankruptcy court and has therefore waived his ability to bring any arguments on appeal. The Court will enter an Order consistent with this Memorandum Opinion.

                                                                    /s/ Michael A. Shipp
                                                            **MICHAEL A. SHIPP**
                                                            **UNITED STATES DISTRICT JUDGE**